IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TAVARRES HENDERSON,                        )
                                           )
              Petitioner,                  )
                                           )
        v.                                 )          CV 124-067
                                           )
SCOTT WIZA, Warden, [1]                    )
                                           )
              Respondent.                  )

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Petitioner, currently incarcerated at Rutledge State Prison in Columbus, Georgia, brings

the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case

is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section

2254 Cases.  For the reasons explained below, the Court **REPORTS** and **RECOMMENDS**

the  § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

## I.    BACKGROUND

This is Petitioner's second § 2254 petition filed with this Court.   See Henderson v.

Chambers, CV 123-015, doc. nos. 1, 15-17 (S.D. Ga. Aug. 15, 2023) ("CV 123-015").   Though

Petitioner provides no information as to his previous § 2254 petition, (see generally doc. no. 1),

the Court may take judicial notice of its own or another court's records to establish the existence

of ongoing litigation and related filings.[2]  Accordingly, the Court refers to its prior ruling to

---

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption because the only proper Respondent is Scott Wiza, the Warden at Rutledge State Prison, Petitioner's current place of incarceration.  See Rule 2(a) of the Rules Governing § 2254 cases.

[2] See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

recite the background of Petitioner's conviction and history.

On February 27, 2018, a jury in the Richmond County Superior Court convicted Petitioner of robbery by intimidation. Id., doc. no. 1, p. 1. The same day, the trial court sentenced Petitioner to twenty years in prison. Id. On March 1, 2018, Petitioner filed a motion for a new trial, which was denied. See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Henderson, Tavarres," open 22016RCCR00856, last visited June 10, 2024).

Petitioner appealed the ruling to the Georgia Court of Appeals, arguing the trial court erred in considering his prior convictions during sentencing and the trial court erred in entering a restitution order without holding a hearing. Henderson v. State, 863 S.E.2d 532, 533 (Ga. App. 2021), cert. denied, (Mar. 8, 2022). On September 16, 2021, the Georgia Court of Appeals affirmed in part and vacated in part the judgment, holding the restitution award lacked an evidentiary basis and failed to comply with relevant statutory requirements. Id. at 535. The Court of Appeals vacated the restitution order and remanded the case for a restitution hearing. Id. The Georgia Supreme Court denied certiorari on March 8, 2022. Id. at 532.

On August 8, 2018, Petitioner filed his first state habeas corpus petition in the Superior Court of Mitchell County, Georgia, challenging his Richmond County Superior Court conviction. CV 123-015, doc. no. 11-1, p. 1. This petition was transferred to the Johnson County Superior Court after Petitioner was moved to Johnson State Prison, and on May 3, 2022, was denied without prejudice for being premature. Id., doc. no. 10-1, p. 2; doc. no. 11-2, p. 3. It was premature because Petitioner's writ of certiorari had been denied by the Georgia Supreme Court on March 8, 2022, but would not become final until the deadline expired for him to apply for certiorari to the U.S. Supreme Court on June 6, 2022. Id., doc. no. 11, pp. 15-

16.   The same day, the court also dismissed as premature Petitioner's second state habeas corpus petition filed in Johnson County on December 31, 2021.  Id, doc. no. 11-3, pp. 2-3.

Petitioner filed a third state habeas corpus petition in Johnson County on September 13, 2022.  Id., doc. no. 1, p. 3; doc. 11-4, p. 1.  This petition remains pending.  See Johnson County Superior Court Web Docket, available at https://peachcourt.com/Search?t=Civil (use "Case Search" by "party name"; then search for "Henderson, Tavarres"; and open 2022-HC-0013, June 10, 2024).

On February 17, 2023, Petitioner filed his previous § 2254 petition.  Id., doc. no. 1, p. 1.  Petitioner alleged prejudice from the presentation of his criminal history at sentencing, a defective indictment, manifest injustice, and bad faith prosecution.   See generally id.  Respondent filed an answer on May 22, 2023, along with a motion to dismiss the petition for lack of exhaustion.  Id., doc. nos. 9, 10.  Respondent claimed Petitioner's federal petition should be denied because he has a pending state habeas corpus petition in Johnson County.  Id., doc. no. 10-1, p. 3.  On August 15, 2023, the Court granted Respondent's motion to dismiss based upon Petition's failure to exhaust administrative remedies.  Id., doc. nos. 15, 17-18.

Petitioner commenced this present action by submitting a § 2254 habeas corpus petition on March 3, 2024.  (Doc. no. 1.)  Petitioner lists three grounds for relief, contending:  (1) the district attorney entered the wrong criminal history at trial; (2) the parole board has unlawfully created "head hodge IRA broker accounts under [his] robbery by intimidation conviction;" and (3) "please investigation."  (Id. at 5-8.)  Petitioner also notes that on "09-11-2027 a bomb is expected to blow up at RSR Nuclear Power Plant Facility," millions of people will be killed, and "please help me."  (Id. at 14.)  Petitioner has attempted to file several civil complaints within this district containing the same irrational and absurd claims.  See Henderson v. SRS Nuclear Power, et al., CV 124-063 (S.D. Ga. May 8, 2024); Henderson v Bernard et al., CV

124-062 (S.D. Ga. May 8, 2024); <u>Henderson v Bernard et al.</u>, CV 324-039 (S.D. Ga. May 28, 2024).

## II.    DISCUSSION

### A.    The Petition Should Be Dismissed for Failure to Pay the Filing Fee

Petitioner failed to move to proceed *in forma pauperis* ("IFP") or pay the $5.00 filing fee.  After his Petition was transferred to the Southern District of Georgia, the Clerk of Court issued a deficiency notice informing him noncompliance could result in dismissal of his case. (<u>See</u> doc. nos. 5, 6.)  The time to respond to the notice has expired and Petitioner has not submitted the filing fee or moved to proceed IFP.  Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); <u>see also</u> <u>Eades v. Ala. Dep't of Human Res.</u>, 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." <u>Owens v. Pinellas Cnty. Sheriff's Dep't</u>, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)); <u>see also</u> Loc. R. 41.1(b) & (c) (Court may dismiss an action sua sponte for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, the deficiency notice explained Petitioner must pay the $5.00 filing fee or move to proceed IFP if he intends to pursue this case. (Doc. no. 6.) Petitioner's failure to comply with the notice evidences non-compliance and amounts to a failure to prosecute. Because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Dismissal for failure to comply with the deficiency notice is appropriate.

**B.     Petitioner is Not Entitled to Relief Regardless Because of Petitioner's Failure to Exhaust**

Even if Petitioner had paid the filing fee or moved to proceed IFP, the petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**1.     The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (per curiam) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

## 2. Petitioner Failed to Exhaust State Remedies

Here, Petitioner's state habeas petition remains pending in Johnson County. It is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity

to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[3]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Allowing Petitioner to simultaneously pursue writs in both state court and federal court would clearly violate principles of comity. See Horowitz v. Wainwright, 709 F.2d 1403, at 1404 (11th Cir. 1983) (dismissing a § 2254 where the petitioner had appeal regarding the same claim ongoing in a Florida state court). In sum, because Petitioner's state habeas petition remains pending, his claims are not properly

---

[3] Under Bonner v. Cty. of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

before this Court.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be

**DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 10th day of June, 2024, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA